**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

REFLECTIONS WEST HOMEOWNERS'
ASSOCIATION,

    Plaintiff,

v.                                         Case No.  8:13-cv-02473-T-30MAP

UNITED STATES SECRETARY OF
HOUSING AND URBAN DEVELOPMENT,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant United States Secretary of Housing and Urban Development's Motion to Dismiss (Dkt. #6) and Plaintiff Reflections West Homeowners' Association's Response (Dkt. #14).  The Court, having reviewed the motion and response, concludes the motion to dismiss should be denied.

Plaintiff filed this lawsuit with regards to property owned by the United States Secretary of Housing and Urban Development ("HUD").  It seeks to recover unpaid assessments, late fees, interest, and reasonable costs and attorneys' fees pursuant to Florida Statutes Section 720.3085.  In this motion to dismiss, the Defendant asserts this Court lacks subject matter jurisdiction because it has not waived its sovereign immunity.  The Plaintiff's complaint states, and their response argues, that the Court has jurisdiction

1

pursuant to 28 U.S.C. § 1346(a)(2), the Tucker Act, which waives sovereign immunity for express or implied contracts not exceeding $10,000.00 in amount.

Reflections West alleges in its complaint that it properly levied assessments on the subject property in compliance with Florida Statutes. Assuming the facts alleged in the Plaintiff's complaint to be accurate, HUD took title to the property with actual or constructive notice of the affirmative covenant to pay assessment fees on the subject property. A valid contractual lien was thus created at that time. *Bessemer v. Gersten*, 381 So. 2d 1344, 1348 (Fla. 1980).

Sovereign immunity shields the Federal Government and its agencies from suit, absent a waiver. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Plaintiff asserts in its complaint that immunity has been waived according to 28 U.S.C. § 1346(a)(2). The statute states the district courts shall have original jurisdiction of "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort[.] 28 U.S.C.A. § 1346(a)(2).

It has been established that this case sounds in contract and the complaint seeks damages not exceeding $10,000.00. The Court concludes it has jurisdiction of this case pursuant to 28 U.S.C.A. § 1346(a)(2)[1].

---

[1] The Court notes that jurisdiction would also be proper under the sovereign immunity waiver in HUD's Charter, 12 U.S.C. § 1702.

It is therefore ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss (Dkt. # 6) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 18th day of December, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2473 mtd 6.docx