UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

REFLECTIONS WEST HOMEOWNERS'
ASSOCIATION, INC.,

    Plaintiff

v.                                                  CASE NO 8:13-cv-02473-JSM-MAP

UNITED STATES SECRETARY OF
HOUSING AND URBAN DEVELOPMENT,

    Defendants

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF THE UNITED STATES OF AMERICA

Defendant, UNITED STATES OF AMERICA ("USA") by and through its undersigned counsel, hereby files its Answer, Affirmative Defenses, and Counterclaim to Plaintiffs REFLECTIONS WEST HOMEOWNERS' ASSOCIATION, INC.'S ("Association") Complaint and states as follows:

### JURISDICTION AND VENUE

1.    USA admits that the Association's Complaint purports to be an action seeking damages of less than $10,000.00.

2.    Denied.

3.    Admitted.

4.    Admitted.

5.    USA admits that the subject property is located in Polk County, Florida.  USA denies that it has breached any covenants.

## COMMON ALLEGATIONS

6.    USA states that the Chapter 720, Florida Statutes, speaks for itself.  USA denies any interpretation of Florida Statutes and any remaining allegations.

7.    USA states that the Chapter 720, Florida Statutes, speaks for itself.  USA admits that it is responsible for certain assessments which come due following its acquisition of the unit. However, USA denies that it must be required to pay the inflated and unsupported charges claimed by the Association.  Additionally, USA denies the Association's interpretation of Florida Statutes and any remaining allegations.

8.    USA states that the Chapter 720, Florida Statutes, speaks for itself.  USA denies any interpretation of Florida Statutes and any remaining allegations.

9.    Admitted.

10.    Admitted.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Without knowledge and therefore denied.

15.    Denied.

## COUNT I – BREACH OF STATUTE

16.    This paragraph does not contain factual allegations and therefore requires no response.

17.    USA states that the Chapter 720, Florida Statutes, speaks for itself.  USA denies any interpretation of Florida Statutes and any remaining allegations.

18.    Denied.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

19.     USA admits that it is responsible for certain assessments which come due following its acquisition of the unit.  However, USA denies that it must be required to pay the inflated and unsupported charges claimed by the Association.

20.     Denied.

21.     Denied.

22.     Denied.

23.     USA admits that it has failed to pay regular assessments for 2013 in the amount of $195.00 due to the Association's refusal to accept same.  Specifically, the Association has stated that it would only accept such payment as part of a several thousand dollar demand, which USA states is almost entirely comprised of inflated and unsupported charges.

24.     USA admits that it has failed to pay regular assessments for 2013 in the amount of $195.00 due to the Association's refusal to accept same.  Specifically, the Association has stated that it would only accept such payment as part of a several thousand dollar demand, which USA states is almost entirely comprised of inflated and unsupported charges. USA denies all remaining allegations.

25.     USA admits that additional assessments may become due following the filing of the Association's Complaint.  USA further states that it desires to pay all proper charges as they accrue and requests that this Court require that the Association accept such payments.  USA denies all remaining allegations.

26.     Denied.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## AFFIRMATIVE DEFENSES

1.    Defendant has been unable to pay any amount actually due and owing as a result of Plaintiff's failure and refusal to provide an accurate and proper estoppel letter complying with Florida Statute Section 720.3085.

2.    Plaintiff failed to comply with conditions precedent to the bringing of this action by failing to comply with the notice provisions set forth in Florida Statutes Section 720.3085.

3.    The charges which Plaintiff seeks to collect are not charges authorized by the governing documents of Reflections West Homeowners' Association.

4.    The subject assessments which Plaintiff seeks to collect were not properly adopted by the Association.

5.    Article V, Section 10 of Plaintiff's Declaration precludes collection of the charges from Defendant as the first mortgagee's foreclosure action eliminated the liability. See <u>Coral Lakes Community Ass'n v. Busey Bank</u>, 30 So.3d 579 (Fla. 2nd DCA 2010). Article V, Section 10 provides:

> 10.    <u>Subordination of Lien to Mortgages</u>.  The lien of the assessments provided for herin shall be subordinate to the lien of any first mortgage. Sale or transfer of any Lot shall not affect the assessment of lien. **However, the sale or transfer of any Lot pursuant to a mortgage foreclosure, or any proceeding which shall extinguish the assessment lien on such Lot** by such sale or transfer shall not relieve such Lot Owner from liability for any assessments due for any other assessment thereafter becoming due or from a lien therefor.

A true and correct copy of Article V, Section 10 of the Association's Declaration is attached as Exhibit "A".

6.    Plaintiff demands include inflated and unsupportable charges as outlined in Plaintiff's improper settlement offer and USA demands a reduction for all such amounts.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

7.      Any damages claimed by the Association were caused by the Association's failure to properly assess the USA's property.

8.      Any damages claimed by the Association were caused by the Association's failure to issue a proper estoppel letter to the USA.

9.      The Association failed to mitigate damages by failing to accept monies from the USA.

## COUNTERCLAIM
## GENERAL ALLEGATIONS

1.      This began as an action for damages for homeowner association assessments in accordance with section 720.3085, Florida Statutes.

2.      The Association is a homeowners association and a Florida corporation, not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. The Association is doing business in Polk County, Florida.

3.      USA is the fee simple owner of the following described real property ("Property"):

> **Lot 34, Block REFLECTIONS WEST, according to the Plat thereof, as recorded in Plat Book 119, at Page 38, of the Public Records of Polk County, Florida; the street address of which is: 3276 Merlot Drive, Lakeland, Florida 33811.**

4.      USA is a member of the Association.

5.      Pursuant to Chapter 720, Florida Statutes, Association is empowered to make and collect assessments for common expenses against the individual parcels of Reflections West Homeowners' Association.

6.      The Association has made assessments for common expenses against USA's parcel.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

7.     The Association has improperly attempted to charge the USA for certain assessments, late fees, other charges and attorney's fees that are either unwarranted or inflated.

8.     As a result of USA's failure to pay these improper delinquent assessment charges, the Association has brought the current action for Breach of Statute.

10.    USA disputes its liability as to the charges at issue and denies that the Association is entitled to file a Claim of Lien for said assessments.

11.    USA has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

## COUNT I-BREACH OF DECLARATION BY ASSOCIATION

12.    USA realleges and reavers paragraphs 1-11 of its General Allegations with the same force and effect as if fully restated.

13.    USA acquired title to the Property on November 16, 2012 via a Special Warranty Deed it received from BAC Home Loans Servicing, LP (hereinafter "BAC").

14.    On July 6, 2012, BAC acquired title to the subject property pursuant to its own foreclosure action against the property's prior owner, BAC's mortgagee.  The mortgage was a first mortgage.

15.    When USA obtained title to the Property, the Association and all members of the community, including USA, were bound by the Association's Declaration of Covenants and Restrictions (hereinafter collectively referred to as the "Declaration").  The Declaration is of public record and is too voluminous to attach hereto, however, a copy is in possession of all parties.

16.    Article V, Section 10 of the Association's Declaration provides, in relevant part, as follows:

10.     <u>Subordination of Lien to Mortgages</u>.  The lien of the assessments provided for herin shall be subordinate to the lien of any first mortgage. Sale or transfer of any Lot shall not affect the assessment of lien. **However, the sale or transfer of any Lot pursuant to a mortgage foreclosure, or any proceeding which shall extinguish the assessment lien on such Lot** by such sale or transfer shall not relieve such Lot Owner from liability for any assessments due for any other assessment thereafter becoming due or from a lien therefor.

17.     USA acquired title to the subject property on November 16, 2012, after BAC had previously taken title pursuant to its first mortgage lien foreclosure action against the property's prior owner.

18.     Pursuant to Article V, Section 10 of the Association's Declaration, BAC was only liable to the Association for assessments due subsequent to July 6, 2012, the day it acquired title to the property.

19.     Although the Association is afforded certain rights to collect maintenance fees pursuant to Section 720.3085, Florida Statutes, the Statute does not prevent the Association by a contractual provision of its Declaration from charging less or waiving all of the monies owed to it from prior unpaid assessments.

20.     The language contained in the Declaration, which evidences an intent of the Association to charge less than it could have under § 720.3085, does not directly conflict with the statute and, therefore, the provisions of the Declaration control. *See Coral Lakes Community Ass'n, Inc. v. Busey Bank, N.A.,* 30 So.3d 579 *(*Fla. 2d DCA 2010)(Restrictions found within a homeowners' association's declaration of covenants are afforded a strong presumption of validity, and a reasonable unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms).

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

21.     Pursuant to Section 720.3085, Florida Statutes, USA was only liable to the Association for assessments due subsequent to July 6, 2013, as BAC's liability as former owner was limited by the Association's Declaration.

22.     Following the USA obtaining title, and after numerous requests from the undersigned counsel for an estoppel letter under Florida Statute, the Association provided a "settlement offer" – and not a proper estoppel under Florida law – improperly attempting to collect an "initial balance" which was allegedly due and owing on November 1, 2011 and delinquent assessments and other charges from November 2011 through November 2012. Pursuant to Article V, Section 10 of the Association's Declaration, USA was not liable for these delinquencies.

23.     Moreover, this "settlement offer" requested exorbitant charges unsupported by the Association's Declaration and legal fees unwarranted under the facts of this case, and further required USA to waive any rights to challenge the demand.

24.     By demanding these monies from the USA, Association breached Article V, Section 10 of its Declaration.

25.     As a direct and proximate result of the Association's breach of its Declaration, USA has been seriously damaged. Not only has the United States been improperly charged and assessed by the Association, but Association has alleged in its Complaint that it may place a lien on the subject property which would cloud United State's title.

26.     Pursuant to the Declaration, as well as Chapter 720, Florida Statutes, USA is entitled to recover its reasonable attorneys' fees and costs for brining this action.

WHEREFORE, Defendant, UNITED STATES OF AMERICA, demands judgment for damages for breach of declaration against Plaintiff, REFLECTIONS WEST HOMEOWNERS'

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

ASSOCIATION, INC., as well as costs, interest, attorneys' fees.  Defendant also reserves the right to seek punitive damages upon proper showing against the Association.

<u>**COUNT II-BREACH OF FLORIDA STATUTE SECTION 720.30851**</u>

28.     USA realleges and reavers paragraphs 1-11 of its General Allegations with the same force and effect as if fully restated.

29.     The United States acquired title to the subject property on November 16, 2012, after BAC had previously obtained title pursuant to its first mortgage lien foreclosure action against the property's prior owner.

30.     Pursuant to Article V, Section 10 of the Association's Declaration, BAC was only liable to the Association for assessments due subsequent to July 6, 2012, the day it acquired title to the property.

31.     Section 720.30851 governs the issuance of estoppel certificates. The statute provides, in relevant part, as follows:

> Within 15 days after the date upon which a request for an estoppel certificate is received from a parcel owner or mortgagee, or his or her designee, the association **shall provide** a certificate signed by an officer or agent of the association stating all assessments and other moneys owed to the association by the unit owner with respect to the parcel.

32.     Despite numerous requests by the USA, the Association has failed to provide a proper estoppel certificate as required by Section 720.30851, Florida Statutes.

33.     The Association knowingly breached the above mentioned provisions of § 720.30851, Florida Statutes, and has wrongly pursued the pending action.

34.     As a result of the various breaches of § 720.30851, Florida Statutes, United States has been seriously damaged.  Not only has the United States been improperly charged and

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

assessed by the Association, but Association has refused to accept the proper amount owed from the USA in accordance with § 720.3085, Florida Statutes.

WHEREFORE, Defendant, UNITED STATES OF AMERICA, demands judgment for damages for breach of statute against Plaintiff, REFLECTIONS WEST HOMEOWNERS' ASSOCIATION, INC., as well as costs, interest, attorneys' fees.  Defendant also reserves the right to seek punitive damages upon proper showing against the Association.

### COUNT III – DECLARATORY RELIEF

35.    United States realleges and reavers paragraphs 1-11 of its General Allegations with the same force and effect as if fully restated.

36.    Section 720.3085(2)(b), Florida Statutes, provides, in relevant part, as follows:

> A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the present parcel owner may have to recover any amounts paid by the present owner from the previous owner.

37.    However, Article V, Section 10 of the Association's Declaration provides, in relevant part, as follows:

> 10.    Subordination of Lien to Mortgages.  The lien of the assessments provided for herin shall be subordinate to the lien of any first mortgage. Sale or transfer of any Lot shall not affect the assessment of lien. **However, the sale or transfer of any Lot pursuant to a mortgage foreclosure, or any proceeding which shall extinguish the assessment lien on such Lot** by such sale or transfer shall not relieve such Lot Owner from liability for any assessments due for any other assessment thereafter becoming due or from a lien therefor.

38.    USA acquired title to the subject property on November 16, 2012, _after_ BAC had previously taken title pursuant to its first mortgage lien foreclosure action against the property's prior owner.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

39.     The Association takes the position that USA is jointly and severally liable with BAC for all past due assessments accruing on some unknown date prior to November 2011.

40.     However, USA takes a contrary position that it is only liable to the Association for assessments due subsequent to July 6, 2012, as BAC's liability as former owner was limited by the Association's Declaration.

41.     Moreover, while the Association has failed to issue a proper estoppel certificate required by Section 720.30581, a simple review of the Association's "settlement offer" reveals the more significant dispute is over costs and attorney fees. The Association is seeking two annual assessments ($170.00 and $195.00) in the total sum of $365.00.   However, the Association is seeking several thousands of dollars in un-itemized costs and legal fees.  It is inexplicable how these costs could be so high. There is no itemization of hours, hourly rate, tasks, or any other descriptions.

42.     The United States requires clarification as to the extent of its rights and obligations with respect to the issue presented herein.

43.     The dispute presents and creates a bonafide, actual, present and practical need for a declaration of the respective rights of the Association and the United States.

**WHEREFORE,** the UNITED STATES OF AMERICA, respectfully requests a judgment declaring that Article V, Section 10 of the Association's Declaration properly limited its financial liability to the Association.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF to **Mauri Peyton, Esq.,** PeytonBolin, PL, 4758 W. Commercial Blvd., Fort Lauderdale, Florida 33319  (Email: mauri@peytonbolin.com); on this **30<u>th</u>** day of December, 2013.

Becker & Poliakoff, P.A.
*Attorneys for Defendant*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
(305) 262-4433 Telephone
(305) 442-2232 Facsimile
E-mail: Sdavis@bplegal.com
Mschwager@bplegal.com
mlopez@bplegal.com
cpons@bplegal.com

By: _____ s/Steven M. Davis _____
STEVEN M. DAVIS
Florida Bar # 894249

ACTIVE: U06092/349612:5322372_2

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433