UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:13-cv-02473-JSM-MAP (MOODY/PIZZO)

REFLECTIONS WEST HOMEOWNERS' ASSOCIATION, a Florida not-for-profit corporation,

    Plaintiff,

vs.

UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT,

    Defendant.
_____/

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**

    Plaintiff/Counter-Defendant, REFLECTIONS WEST HOMEOWNERS' ASSOCIATION, INC. ("Association"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim, and as grounds therefore states as follows:

1. On September 25, 2013, Association filed its Complaint for Damages against Defendant/Counter-Plaintiff, UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT ("HUD") [DE 1].

2. On December 30, 2013, HUD filed its Answer, Affirmative Defenses, and Counterclaim [DE 21].

3. In Count I of the Counterclaim, HUD alleges that Association breached its Declaration by attempting to collect assessments and related amounts that HUD deems uncollectable under the circumstances of this case.

1

4. In Count II of the Counterclaim, HUD alleges a breach of section 720.30851, Florida Statutes, because Association failed to issue an estoppel certificate in accordance with the statute.

5. In Count III of the Counterclaim, HUD seeks a declaratory judgment stating that Association is only entitled to collect those amounts accruing after July 6, 2012.

6. As explained in the attached memorandum of law, all three Counts of HUD's Counterclaim fail to state a claim upon which relief can be granted.

WHEREFORE, Association requests that this Court dismiss HUD's Counterclaim with prejudice, award Association its attorneys' fees and costs, and grant any other relief that is just and proper.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the complainant. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

I. <u>HUD failed to plead the facts necessary to maintain an action for breach of contract</u>

In Count I, HUD argues that Association breached its Declaration of Covenants and Restrictions by requesting certain charges and legal fees that HUD deems unwarranted under the facts of this case. However, HUD fails to plead the factual allegations required to maintain an action for breach of contract. The elements required to state a cause of action for breach of contract include: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Although HUD properly alleged the existence of a contractual relationship, it failed to allege any breach and resulting damages.

HUD alleges that it was "improperly charged and assessed" when Association issued settlement offers that included amounts accruing prior to HUD's ownership [DE 21]. However, even if Association requested such amounts during settlement negotiations, these offers of settlement are not relevant to a breach of contract claim. *See Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32HBT, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010) ("Settlement offers commonly reflect puffing and posturing," especially where they lack "specific information to support the plaintiff's claim for damages.") (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009)). Accordingly, HUD failed to allege that Association breached the Declaration of Covenants and Restrictions.

HUD also failed to allege any damages resulting from the purported breach. "An award for breach of contract is intended to place the injured party in the position he or she would have been in had the breach not occurred." *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1242 (11th Cir. 2009) (quoting *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla.Dist.Ct.App. 2002)). HUD does not allege that it tendered payment for any of the disputed

3

amounts. As such, even if Association requested improper amounts, HUD remains in the same position it would have been in if Association had not requested such amounts.

HUD additionally contends that it has suffered damages because Association "*may* place a lien on the subject property which *would* cloud [HUD's] title." [DE 21]. Any damages that may result if Association places a lien on the property are merely speculative and do not rise to the level of actual damages required to maintain an action for breach of contract. Further, pursuant to section 720.3085, Florida Statutes, Association is entitled to place a lien on the subject property to secure the unpaid assessments. Accordingly, HUD has not alleged any damages in Count I of its Counterclaim and this Court must dismiss the claim for failure to state a cause of action.

II. Count II is moot because Association provided an estoppel letter to HUD

In Count II, HUD alleges that Association breached section 720.30851, Florida Statutes, by failing to provide an estoppel certificate. However, prior to filing its Counterclaim, HUD obtained an Order from the Court requiring Association to issue an estoppel certificate [DE 13]. On December 11, 2013, Association provided HUD with an estoppel certificate that complied with this Court's Order and section 720.30851, Florida Statutes [DE 16].

This Court has maintained that "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir. 1993)). When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the complainant meaningful relief, the case is moot and must be dismissed. *See Jews for Jesus, Inc. v. Hillsborough County Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998) (citing

4

*Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994). Since Association provided HUD with an estoppel certificate pursuant to both the statute and the Court's Order, there is no live controversy in regards to a breach of section 720.30851, Florida Statutes. Accordingly, Count II must be dismissed for failure to state a cause of action.

 III. <u>HUD failed to state a cause of action for declaratory relief</u>

  In Count III, HUD requests a judgment declaring that its liability to Association is limited to the amounts accruing after July 6, 2012. Count III is merely an affirmative defense to Association's Complaint, which HUD has mistakenly designated as a counterclaim. "A true affirmative defense is 'one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or negating matters.'" *Great Am. Ins. Co. of New York v. Dolphin Towers Condo. Ass'n, Inc.*, No. 11-cv-01405, 2011 WL 5080319, at *2 (M.D. Fla. Oct. 26, 2011) (quoting *Bluewater Trading, LLC v. Willimar USA, Inc.*, No. 07-cv-61284, 2008 WL 4179861, *2 (S.D. Fla. Sept. 9, 2008)). If proved, Count III would reduce the damages alleged in Association's Complaint. Pursuant to Federal Rule of Civil Procedure 8(c)(2), this Court should treat Count III as an affirmative defense.

  Even if Count III is properly included as a claim for relief, HUD failed to allege the facts necessary to maintain a cause of action. In order to receive declaratory relief, HUD must establish: (1) that there was a violation; (2) that there is a serious risk of continuing irreparable injury if the relief is not granted; and (3) the absence of an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (stating "In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law") (citing *Newman v. Ala.*, 683 F.2d 1312 (11th Cir. 1982)). As explained above, Association did

not violate the Declaration of Covenants and Restrictions by requesting certain amounts during settlement negotiations. Furthermore, Association issued an estoppel certificate on December 11, 2013, which only includes those amounts accruing after July 6, 2012. The amounts accruing before July 6, 2012, are not at issue in this case. Accordingly, there is no risk of continuing irreparable injury if the declaratory relief is not granted and Count III must be dismissed for failure to state a cause of action.

## CONCLUSION

All three counts of HUD's counterclaim fail to state a cause of action upon which relief can be granted. Accordingly, this Court should dismiss the counterclaim with prejudice, award Association its attorneys' fees and costs, and grant any other relief that is just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF on this 31st day of January, 2014, on all counsel or parties of record on the Service List below.

Dated: January 31, 2014.                    Respectfully submitted,

/s/ Gian Ratnapala, Esq.
Florida Bar No.: 97342
gian@peytonbolin.com
litigation@peytonbolin.com
*Attorney for Plaintiff Reflections West Homeowners' Ass'n, Inc.*

PeytonBolin, PL
3343 West Commercial Boulevard, Suite 100
Fort Lauderdale, Florida 33309
Telephone: (954) 316-1339
Facsimile: (954) 727-5776

## SERVICE LIST

Steven M. Davis, Eq.
sdavis@becker-poliakoff.com
Adam Cervera, Esq.
acervera@becker-poliakoff.com
*Attorneys for Plaintiff*
*United States of America*

Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Telephone: (305) 262-4433
Facsimile: (305) 442/2232