**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REFLECTIONS WEST HOMEOWNERS'
ASSOCIATION,

    Plaintiff, Counter-Defendant

v.                                    Case No: 8:13-cv-2473-T-30MAP

UNITED STATES SECRETARY OF
HOUSING AND URBAN
DEVELOPMENT,

    Defendant, Counter-Plaintiff.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff/Counter-Defendant Reflections West Homeowners Association's Motion to Dismiss Counterclaim (Dkt. #24) and Defendant/Counter-Plaintiff United States Secretary of Housing and Urban Development's Response in Opposition to the Motion (Dkt. #26). Upon review and consideration, the Court concludes that the Motion should be granted in part and denied in part.

*Background*

This case involves a dispute regarding past due assessments, interest, late fees and attorney's fees on real property situated within a homeowner's association. Plaintiff/Counter-Defendant Reflections West Homeowners Association (the "Association") is suing Defendant/Counter-Plaintiff United States Secretary of Housing and Urban Development ("HUD") as an owner of the property. HUD took title pursuant to

a Special Warranty Deed from the first mortgage holder, BAC Home Loans Servicing, LP, who obtained a certificate of title to the property pursuant to a mortgage foreclosure on July 6, 2012. The Association issued a letter to HUD which purported to be a "settlement negotiation" requesting fees for past due assessments, costs, and attorney's fees including fees due prior to July 6, 2012. The costs and attorney's fees were relatively high given the small amount of assessments due. Based on this demand for payment, HUD filed a counterclaim alleging three causes of action: breach of contract, breach of statute, and declaratory relief.

*Discussion*

## I. Motion to Dismiss Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id*. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

2

## II. The Association's Motion to Dismiss

The Association argues that HUD fails to state a cause of action for breach of contract because although it alleges a valid contract, namely the Association's Declaration of Covenants, Conditions and Restrictions, it failed to allege any breach or damages resulting from the breach. HUD alleges that the Association breached the Declaration by improperly charging fees which violate Article V Section 10 by prorating annual assessments due prior to the certificate of title issued to BAC Home Loans Servicing, LP and including collection costs and attorney's fees which are exorbitant. Further, it alleges damages in the form of continued ownership of the property which is causing it to incur carrying costs and preventing it from selling the property to a third party. These allegations, read in the light most favorable to HUD, are sufficient to survive a motion to dismiss.

HUD alleged in its second count that the Association breached § 720.30851, Fla. Stat. by issuing an improper estoppel certificate. The statute states in relevant part:

> Within 15 days after the date on which a request for an estoppel certificate is received from a parcel owner or mortgagee, or his or her designee, the association shall provide a certificate signed by an officer or authorized agent of the association stating all assessments and other moneys owed to the association by the parcel owner or mortgagee with respect to the parcel. An association may charge a fee for the preparation of such certificate, and the amount of such fee must be stated on the certificate.

The Association argues that the breach of statute claim is moot since they issued an estoppel certificate pursuant to this Court's Order (Dkt. #13). HUD argues that since the estoppel letter is inaccurate and seeks payment for amounts not due from HUD, the issue remains a live controversy. The Court disagrees with this argument. The statute merely provides that the Association has an obligation to provide the estoppel letter in a timely manner and that it must contain a breakdown of the charges. HUD does not cite to any

authority that supports that the statute dictates the amount of fees that the Association may charge or that it requires the fees to be reasonable. Since the Association has provided the estoppel letter to HUD as evidenced by the Association's Notice of Compliance (Dkt. #17), the issue is now moot.

As to HUD's third count for declaratory relief, the Association argues that HUD fails to allege sufficient facts to show that it violated the Declaration by requesting certain amounts during "settlement negotiations" and there is no risk of irreparable harm to HUD since the estoppel issued only requests the amounts due from the July 6, 2012. The actual estoppel letter is not part of the record in this case, and therefore the Court cannot consider its content in reviewing a motion to dismiss.

HUD argues that it does state a cause of action seeking a declaration of its rights pursuant to Article V, Section 10 of the Declaration and §720.3085(2)(b), Fla. Stat. by asking the Court to determine the amounts due on the property.  To sufficiently state a cause for declaratory relief under 28 U.S.C. § 2201 HUD must allege

> … an "actual controversy." That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred.  Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

*Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985) (internal citations omitted). HUD has alleged that there is a current dispute regarding the amounts that are due to the Association, that the controversy continues to be an issue and that there is a definite threat against it because it is preventing it from selling the property to a third party and the past due amounts form a basis for a claim of lien against the property. Treating the

allegations in the counterclaim as true and liberally construing it in favor of HUD, HUD has sufficiently alleged a cause of action for declaratory relief.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff/Counter-Defendant Reflections West Homeowners Association's Motion to Dismiss Counterclaim (Dkt. #24) is GRANTED in part and DENIED in part.

2. Count II of Defendant/Counter-Plaintiff United States Secretary of Housing and Urban Development's Counterclaim is dismissed.

3. Plaintiff/Counter-Defendant Reflections West Homeowners Association shall file a response to the remaining counts in the Counterclaim within fourteen (14) days of the date of this Order.

4. Plaintiff shall schedule a thirty (30) minute telephone hearing with this Court in coordination with the calendars of all counsel to discuss case management issues.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of February, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2473 mtd counterclaim 24.docx