UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division
Case No.: 13-cv-02473-JSM-MAP (Moody/Pizzo)

REFLECTIONS WEST HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation,

    Plaintiff/Counter Defendant,

vs.

UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT,

    Defendant/Counter Plaintiff.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Plaintiff/Counter Defendant, REFLECTIONS WEST HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation (hereinafter "Association"), by and through its undersigned counsel and pursuant to the Court's Order on Association's motion to dismiss counterclaim [DE 28], hereby files its Answer and Affirmative Defenses to Counterclaim and states as follows:

## GENERAL ALLEGATIONS

1. Association admits the allegations of Paragraph 1 of Defendant's counterclaim.

2. Association admits the allegations of Paragraph 2 of Defendant's counterclaim.

3. Association admits the allegations of Paragraph 3 of Defendant's counterclaim.

4. Association admits the allegations of Paragraph 4 of Defendant's counterclaim.

5. Association admits the allegations of Paragraph 5 of Defendant's counterclaim.

6. Association admits the allegations of Paragraph 6 of Defendant's counterclaim to the extent it implies that Association has uniformly imposed assessments on all lots within

the property subject to the Association's Declaration of Covenants, Conditions, and Restrictions including property owned by Defendant, otherwise denied.

7. Association denies the allegations of Paragraph 7 of Defendant's counterclaim.

8. Association denies the allegations of Paragraph 8 of Defendant's counterclaim.

9. [Omitted in counterclaim].

10. Association denies the allegations of Paragraph 10 of Defendant's counterclaim.

11. Association is without knowledge as to the truth of the allegations of Paragraph 11 of Defendant's counterclaim, therefore, denies the same.

## COUNT I – BREACH OF DECLARATION BY ASSOCIATION

12. Association repeats its responses to Paragraphs 1 through 11 of Defendant's counterclaim.

13. Association admits the allegations of Paragraph 13 of Defendant's counterclaim.

14. Association admits the allegations of Paragraph 14 of Defendant's counterclaim.

15. Association admits the allegations of Paragraph 15 of Defendant's counterclaim.

16. Association admits the allegations of Paragraph 16 of Defendant's counterclaim.

17. Association admits the allegations of Paragraph 17 of Defendant's counterclaim.

18. Association admits the allegations of Paragraph 18 of Defendant's counterclaim.

19. Association admits the allegations of Paragraph 19 of Defendant's counterclaim.

20. Association admits the allegations of Paragraph 20 of Defendant's counterclaim.

21. Association denies the allegations of Paragraph 21 of Defendant's counterclaim to the extent it recites the wrong date for the commencement of Defendant's liability, otherwise admitted. The correct date of commencement should be July 6, 2012, instead of July 6, 2013, as stated in Defendant's counterclaim.

22. Association denies the allegations of Paragraph 22 of Defendant's counterclaim.

23. Association denies the allegations of Paragraph 23 of Defendant's counterclaim.

24. Association denies the allegations of Paragraph 24 of Defendant's counterclaim.

25. Association denies the allegations of Paragraph 25 of Defendant's counterclaim.

26. Association denies the allegations of Paragraph 26 of Defendant's counterclaim.

27. [Omitted in counterclaim]

WHEREFORE, Association requests that this Court dismiss Count I of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this counterclaim, and grant any other relief that is just and proper.

## COUNT II – BREACH OF FLORIDA STATUTES SECTION 720.30851

28. [Avoided per Order on Motion to Dismiss Counterclaim]

29. [Avoided per Order on Motion to Dismiss Counterclaim]

30. [Avoided per Order on Motion to Dismiss Counterclaim]

31. [Avoided per Order on Motion to Dismiss Counterclaim]

32. [Avoided per Order on Motion to Dismiss Counterclaim]

33. [Avoided per Order on Motion to Dismiss Counterclaim]

34. [Avoided per Order on Motion to Dismiss Counterclaim]

## COUNT III – DECLARATORY RELIEF

35. Association repeats its responses to Paragraphs 1 through 11 of Defendant's counterclaim.

36. Association admits the allegations of Paragraph 36 of Defendant's counterclaim.

37. Association admits the allegations of Paragraph 37 of Defendant's counterclaim.

38. Association admits the allegations of Paragraph 38 of Defendant's counterclaim.

39. Association denies the allegations of Paragraph 39 of Defendant's counterclaim.

40. Association admits the allegations of paragraph 40 of Defendant's counterclaim to the extent it implies that Defendant's liability for assessments commences on July 6, 2012, otherwise denied.

41. Association denies the allegations of Paragraph 41 of Defendant's counterclaim.

42. Association is without knowledge as to the truth of the allegations of Paragraph 42 of Defendant's counterclaim, therefore, denies the same.

43. Association denies the allegations of Paragraph 43 of Defendant's counterclaim.

WHEREFORE, Association requests that this Court dismiss Count III of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this counterclaim, and grant any other relief that is just and proper.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CAUSE OF ACTION IN COUNT I
### (NO ACTUAL DAMAGES)

44. In Count I of its counterclaim, Defendant attempts to state a cause of action for breach of declaration by association.

45. The declaration is a contract between Association and Defendant. *See*, *e.g.*, *Cohn v. Grand Condo. Ass'n, Inc.*, 62 So. 3d 1120, 1121 (Fla. 2011).

46. To state a cause of action for a breach of contract, the Defendant must allege (1) the existence of a contract; (2) a material breach; and (3) damages resulting from the breach. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006).

47. Defendant has failed to allege any actual damages it suffered by the alleged breach by Plaintiff in its counterclaim.

48. Defendant's only claim for damages is an award of attorneys' fees, however, under the contract at issue, Defendant is entitled to attorneys' fees only if Defendant is entitled to judgment for breach of contract.

49. An award of attorneys' fees are not damages.

WHEREFORE, Association requests that this Court dismiss Count I of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CAUSE OF ACTION IN COUNT I
### (NO MATERIAL BREACH)

50. Defendant fails to state a cause of action for breach of contract in Count I of its counterclaim because it has failed to allege any material breach by Association.

51. Association has complied with the Declaration and has requested only the payments due since July 6, 2012.

WHEREFORE, Association requests that this Court dismiss Count I of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## THIRD AFFIRMATIVE DEFENSE
## BREACH BY OTHER PARTY

52. Defendant's claims in Count I of its counterclaim are bared by its own breach.

53. Defendant breached the Declaration by failing and refusing to pay any of the assessments that came due after its acquisition of title.

WHEREFORE, Association requests that this Court dismiss Count I of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## **FOURTH AFFIRMATIVE DEFENSE**
## **FAILURE TO STATE A CAUSE OF ACTION IN COUNT III**

54. In Count III of Defendant's counterclaim, it attempts to state a cause of action for declaratory relief.

55. Pursuant to 28 U.S.C. § 2201(a), "[i]n a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added).

56. For an actual controversy to exist, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

57. In this case, there is no actual controversy as both parties agree that Defendant's liability for assessments, late fees, interest, costs, and attorneys' fees incurred in collections began on July 6, 2012.

58. Where there is no actual controversy, this Court is also without subject matter jurisdiction to determine the case, because such determination would be an advisory opinion. *See MedImmune*, 549 U.S. at 138 (stating that "[t]he Declaratory Judgment Act did not (and could not) alter the constitutional definition of 'case or controversy' or relax Article III's command that an actual case or controversy exist before federal courts may adjudicate a question.") (internal quotations omitted).

WHEREFORE, Association requests that this Court dismiss Count III of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## **FIFTH AFFIRMATIVE DEFENSE**
## **UNCLEAN HANDS**

59. In Count III of Defendant's counterclaim, it invokes this Court's equitable powers by seeking a declaration as to its obligation for assessments.

60. Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands. Defendant's prior breach of its contractual obligations and its wrongful and illegal conduct preclude Defendant from seeking to invoke the court's equitable jurisdiction.

61. Defendant failed to meet its obligation to pay assessments under both the statute and the declaration for nearly two years since it took title.

62. By failing to pay its assessments, Defendant has violated the Declaration of Covenants, Conditions, and Restrictions.

63. Defendant now seeks protection under the very provisions that it itself violated every day since it took title.

64. Association has been injured by Defendant's failure to remit assessments.

65. Defendant's failure to remit assessments for the past two years has resulted in increased assessments to the paying unit owners causing additional delinquencies to the Association and hardship upon its owners.

66. HUD's failure to take any responsibility for its unit in this association, pay any assessments, or contribute to the community in any fashion has weakened the community and decreased the quality of life of the paying unit owners in this association despite the fact that doing so violated even its own Mission found on http://portal.hud.gov/hudportal/HUD?src=/about/mission.

67. Defendant clearly comes to the Court with unclean hands seeking the Court's equitable determination and even asks the court to order the Association to pay it money. Such conduct is unconscionable.

WHEREFORE, Association requests that this Court dismiss Count III of Defendant's counterclaim, award Association its attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## SIXTH AFFIRMATIVE DEFENSE
## MOOTNESS

68. Defendant's claims in both Counts I and III of the counterclaim are barred by mootness.

69. Both counts are based on Defendant's erroneous allegation that Association attempts to collect a debt that came due prior to July 6, 2012.

70. Contrary to Defendant's allegations, Association does not demand the payment of any assessments or other charges that came due prior to July 6, 2012.

71. Additionally, both parties agree that Defendant owes assessments that came due since July 6, 2012, together with late fees, interest, costs including attorneys' fees incurred in collections pursuant to the Declaration of Covenants, Conditions, and Restrictions, and section 720.3085, Florida Statutes.

72. The United States Supreme Court has held that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the [counter]plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013) (internal quotation marks omitted, internal citations omitted).

73. Association's latest estoppel letter dated December 11, 2013, clearly indicates that Association is not requesting payment of any of the amounts that Defendant is complaining of in Counts I and III of its counterclaim.

WHEREFORE, Association requests that this Court dismiss Defendants counterclaim for mootness, award Association its attorneys' fees and costs, and grant any other relief that is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF on this 7th day of February, 2014, on all counsel or parties of record on the Service List below.

/s/ Gian Ratnapala, Esq.
Florida Bar No.: 97342
gian@peytonbolin.com
litigation@peytonbolin.com
*Attorney for Plaintiff Reflections West Homeowners' Association, Inc.*

PeytonBolin, PL
3343 West Commercial Boulevard, Suite 100
Fort Lauderdale, Florida 33309
Telephone: (954) 316-1339
Facsimile: (954) 727-5776

## **SERVICE LIST**

Steven M. Davis, Esq.
*Attorney for Defendant*
sdavis@bplegal.com